899 F.2d 1228
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ellamae O'CONNELL, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 90-3078.
 United States Court of Appeals, Federal Circuit.
 March 15, 1990.
 
 Before MAYER, Circuit Judge, and BALDWIN and FRIEDMAN, Senior Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (Board) in docket No. CH08318910303, affirming the reconsideration decision of the Office of Personnel Management (OPM) that the petitioner is not entitled to Civil Service retirement survivor benefits for a three-year period from 1985 to 1988, is affirmed.
 
 OPINION
 
 2
 The petitioner and her deceased ex-husband, a former federal employee, were divorced in 1975. In November 1984, shortly after her ex-husband was diagnosed as having terminal cancer, the petitioner wrote OPM asking whether her ex-husband was required "to sign papers (before his death) for [the petitioner] to be eligible for benefits--after his death." OPM responded by explaining the rights of a former spouse to a retirement annuity. Her ex-husband retired in December 1984 and died four-and-a-half months later.
 
 
 3
 In April 1988, almost three years after her ex-husband's death, the petitioner asked OPM to send her an application for survivor benefits. The following month, she filed such an application.
 
 
 4
 OPM granted her benefits commencing June 1, 1988. It explained that under the governing statute and regulations she was not entitled to benefits for the period between May 8, 1985 and May 31, 1988, because the first time she had applied for benefits was in April 1988.
 
 
 5
 The Board affirmed OPM's decision, ruling that "survivor benefits for former spouses, like appellant, are to commence on the later of two dates: on the day after the employee dies or the first day of the second month after the former spouse's application is received by OPM."
 
 
 6
 In her opinion, the administrative judge of the Board fully considered and correctly rejected the grounds upon which the petitioner seeks survivorship benefits for the three-year period prior to the filing of her application in April 1988. We affirm the Board's decision on the basis of that opinion.